# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ALEXANDER JEREMY STEANHOUSE,

Defendant-Appellant.

FOR PUBLICATION
December 5, 2017
9:10 a.m.

No. 318329
Wayne Circuit Court
LC No. 11-011939-FC

ON REMAND

Before: M. J. KELLY, P.J., and SERVITTO and STEPHENS, JJ.

M. J. KELLY, P.J.

This case returns to this Court after remand by the Michigan Supreme Court, which ordered this Court to review defendant, Alexander Steanhouse's, sentence in accordance with its decision in *People v Steanhouse*, 500 Mich 453, 461; 902 NW2d 327 (2017) (*Steanhouse II*). Because we conclude that the trial court abused its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed, we reverse and remand for resentencing.

## I. BASIC FACTS

A jury convicted Steanhouse of assault with intent to commit murder, MCL 750.83, and receiving or concealing stolen property, MCL 750.535(3)(a). Although Steanhouse's minimum sentencing guidelines range was 171 to 285 months, the trial court departed upward and sentenced him to 30 to 60 years' imprisonment for the assault conviction and one to five years' imprisonment for the receiving or concealing stolen property conviction.

At the time Steanhouse was sentenced, a trial court could depart upward from the minimum guidelines range only for substantial and compelling reasons. See MCL 769.34(3). However, in *People v Lockridge*, 498 Mich 358, 364-365; 870 NW2d 502 (2015), after determining that the legislative sentencing guidelines were unconstitutional, our Supreme Court struck down that requirement and held that a departure sentence must instead "be reviewed by appellate courts for reasonableness." Steanhouse appealed his convictions and sentences to this Court. We affirmed his convictions, determined that the proper framework for reviewing a departure sentence for reasonableness was to apply the principle of proportionality standard set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), and concluded that because the

-1-

trial court had not been aware that its departure sentence would be reviewed under the *Milbourn* standard it was proper to remand back to the trial court for a *Crosby*[1] hearing as set forth in *Lockridge*. *People v Steanhouse*, 313 Mich App 1, 42, 44-49; 880 NW2d 297 (2015) (*Steanhouse I*).

Steanhouse and the prosecutor filed applications for leave to appeal to our Supreme Court. The Court granted the prosecutor's application,[2] and it affirmed "that the proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating [*Milbourn's*] 'principle of proportionality . . . .' " *Steanhouse II*, 500 Mich at 459-460. The Court, however, reversed this Court's opinion "to the extent [it] remanded to the trial court for further sentencing proceedings under [*Crosby*]." *Id*. at 460. On remand, this Court is directed to consider whether the trial court's departure sentence was reasonable under the *Milbourn* standard. *Id*. at 461.

## II. PRINCIPLE OF PROPORTIONALITY

### A. STANDARD OF REVIEW

Steanhouse argues that the trial court's sentence was unreasonable because it was not proportional under the *Milbourn* standard. We review for reasonableness a trial court's decision to depart from the applicable sentencing guidelines range. *Lockridge*, 498 Mich at 365. When reviewing a departure sentence for reasonableness, we must review "whether the trial court abused its discretion by violating the principle of proportionality set forth" in *Milbourn*. *Steanhouse II*, 500 Mich at 477. A trial court abuses its discretion if it violates the principle of proportionality test "by failing to provide adequate reasons for the extent of the departure sentence imposed. . . ." *Id*. at 476. In such cases, this Court must remand to the trial court for resentencing. *Id*.

### B. ANALYSIS

Under the principle of proportionality standard, a sentence must be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636. As such, the sentencing court must impose a sentence that takes "into account the nature of the offense and the background of the offender." *Id*. at 651. Generally, sentences falling within the minimum sentencing guidelines range are presumptively proportionate. *People v Cotton*, 209 Mich App 82, 85; 530 NW2d 495 (1995).[3] However, a departure sentence may be

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[2] The Supreme Court also granted leave to appeal in *People v Masroor*, 313 Mich App 358; 880 NW2d 812 (2015), rev'd in part by *Steanhouse (II)*, 500 Mich at 460-461, and it consolidated the cases.

[3] We note, however, that under "unusual circumstances," a sentence within the guidelines range may "be disproportionately severe or lenient," which would result in a sentence that violates the

imposed when the trial court determines that "the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *Milbourn*, 435 Mich at 657. Factors that may be considered under the principle of proportionality standard include, but are not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Lawhorn*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 330878); slip op at 7 (citation and quotation marks omitted).]

An appellate court must evaluate whether reasons exist to depart from the sentencing guidelines and whether the *extent* of the departure can satisfy the principle of proportionality. See *Milbourn*, 435 Mich at 659-660 (recognizing that "[e]ven where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality"). Therefore, even if cases where reasons exist to justify a departure sentence, the trial court's articulation of the reasons for imposing a departure sentence must explain how the extent of the departure is proportionate to the seriousness of the circumstances surrounding the offense and the offender. See *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008) ("When departing, the trial court must explain why the sentence imposed is more proportionate than a sentence within the guidelines recommendation would have been.").

The first inquiry in our reasonableness review is whether there were "circumstances that are not adequately embodied within the variables used to score the guidelines." *Milbourn*, 435 Mich at 659-660. As reiterated in *Steanhouse II*, 500 Mich at 474-475, quoting *Lockridge*, 498 Mich at 391, "the guidelines 'remain a highly relevant consideration in a trial court's exercise of sentencing discretion' that trial courts 'must consult' and 'take . . . into account when sentencing.' " To conduct such an analysis, we must compare the stated reasons for exceeding the guidelines with the scored offense variables (OVs) to determine whether those reasons were already encompassed within the guidelines. *Steanhouse I*, 313 Mich App at 45-46. Specifically, we must determine whether the trial court abused its discretion by imposing a departure sentence without articulating whether the guidelines adequately took into account the conduct alleged to support the particular departure imposed. See *id*.

The trial court in this case articulated a few reasons in support of its decision to impose a departure sentence. First, it articulated that an upward departure was appropriate based on the "horrendous, brutal assault" on a young man who appeared to have been "rendered weak or incapacitated by his drug use at that time." However, we conclude that both the brutality of the assault and the fact that the victim was weak or incapacitated by drug use were not proper

---

principle of proportionality even though it is within the guidelines range. *Milbourn*, 435 Mich at 661.

considerations because they were accounted for in the sentencing guidelines and the trial court offered no explanation for why they were given inadequate weight by the guidelines. See *Milbourn*, 435 Mich at 659 (stating that trial court must consider whether the circumstances of a case are inadequately addressed by the guidelines). See also *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013) ("A trial court necessarily abuses its discretion when it makes an error of law.").

A trial court must score OV 7 at 50 points if the offender treated the victim with "excessive brutality." MCL 777.37(1)(a). For the purpose of OV 7, excessive brutality requires savagery or cruelty beyond the usual brutality of the crime. *People v Glenn*, 295 Mich App 529, 533; 814 NW2d 686 (2012), rev'd on other grounds by *People v Hardy*, 494 Mich 430; 835 NW2d 340 (2013). Here, the trial court expressly stated that scoring OV 7 was not appropriate because although the facts were "horrendous" they were not "indicative of something that would be beyond the convicted offense, beyond what's necessary for assault with intent to murder." We conclude that, having determined that the facts of this case only encompassed the usual brutality of an assault with intent to murder, the trial court's later decision to use the brutality of the crime to support an upward departure was not a valid consideration.

Similarly, the trial court's decision to depart upward on the basis that Steanhouse took advantage of a victim who was incapacitated or rendered weak by drug use could also have been addressed by the sentencing guidelines. OV 10 addresses the "exploitation of a vulnerable victim." MCL 777.40(1). Five points must be scored if "[t]he offender exploited a victim by his or her difference in size or strength, or both, or exploited a victim who was intoxicated, under the influence of drugs, asleep, or unconscious." MCL 777.40(1)(c).[4] The guidelines indicate that "[t]he mere existence of 1 or more factors described in [MCL 777.40(1)] does not automatically equate with victim vulnerability." MCL 777.40(2). No points were assessed or scored for OV 10. Given that the trial court determined that the incapacitation was not significant enough to warrant a score under OV 10—which is the OV that expressly addresses exploitation of a victim incapacitated by drugs—we conclude that this was not a valid reason for departing upward.

The trial court's third reason for imposing an upward departure was not accounted for in the sentencing guidelines. The court reasoned:

> [T]he action taken by you towards a person who considers you a friend does substantiate the thought that you are a person without a conscience, a person who's violent and depraved and that this is an assault that is quite shocking even to people who have been in the courts for 20 years or more.

In evaluating whether the departure sentence imposed for defendant is proportional in accordance with *Milbourn*, a factor to be considered, which is not adequately reflected in the guidelines, involves the "prior relationship" between defendant and the victim. *Milbourn*, 435

---

[4] The term "exploit" is defined to mean "to manipulate a victim for selfish or unethical purposes," MCL 777.40(3)(b), while "vulnerability" refers to "the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation," MCL 777.40(3)(c).

Mich at 660.  In *Milbourn*, the Court explained that a prior relationship between the offender and the victim can be either a "very mitigating circumstance or a very aggravating circumstance, depending upon the history of interaction between the parties." *Id*. at 660-661.  In this case, the trial court viewed it as an aggravating circumstance.  That finding is supported by the record, which shows that Steanhouse and the victim were frequently together at the victim's home, which demonstrates that there was a degree of familiarity and trust between them.  Steanhouse breached that trust by stealing items from the victim's home, soliciting a "reward" for their return, and then ultimately striking the victim with a wrench and slitting his throat.

In sum, two of the stated reasons for imposing a departure sentence were improper.  The trial court only articulated a single valid reason for departing from the sentencing guidelines, and on this record it is unclear whether the court would have departed solely based on the prior relationship between Steanhouse and his victim.  Similarly, it is difficult to ascertain the trial court's reasoning or rationale for the extent of the departure imposed and to ascertain where on the "continuum from the least to the most serious situations" this case falls.  *Milbourn*, 435 Mich at 654.  As discussed in *Milbourn*, it is necessary for a trial court to articulate its reasons for the imposing a departure sentence to permit appellate review of whether the court abided by the principle of proportionality.  *Id*. at 659-660.  Accordingly, we conclude that the trial court "abused its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed," so—in accord with our Supreme Court's directive in *Steanhouse II*—we remand to the trial court for resentencing.  See *Steanhouse II*, 500 Mich at 476.

Reversed and remanded for resentencing.  We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens