# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MATTHEW MARK FRUGE,

Defendant-Appellant.

UNPUBLISHED
May 22, 2018

No. 336629
Charlevoix Circuit Court
LC No. 16-010712-FC

Before: MURRAY, C.J., and SERVITTO and BOONSTRA JJ.

PER CURIAM.

A jury found defendant guilty but mentally ill of voluntary manslaughter, MCL 750.321. The trial court sentenced defendant to a prison term of 10 to 15 years. Defendant appeals as of right, challenging only the reasonableness of his sentence. We affirm.

Defendant has a history of substance abuse and mental illness. His conviction arises from the unprovoked stabbing death of his long-time friend, Jacob Conklin. Defendant stabbed Conklin 10 times with an 8-inch kitchen knife, damaging Conklin's carotid arteries, left jugular vein, left subclavian artery, lungs, esophagus, trachea, and the arch of his aorta. Defendant was charged with open murder. Defendant presented an insanity defense at trial, claiming that he was not criminally responsible for his actions due to his mental illness. The jury was instructed on first-degree murder, and the lesser offenses of second-degree murder and voluntary manslaughter. The court also instructed the jury on mental illness and legal insanity. The jury found defendant guilty but mentally ill of voluntary manslaughter.

Defendant argues that the trial court abused its discretion by departing from the sentencing guidelines range of 43 to 86 months and sentencing him to a term of 10 to 15 years' imprisonment. Specifically, defendant argues that the sentence is disproportionate and unreasonable because "the extent of the departure [was not] proportional to the offense and the offender."

Although Michigan's sentencing guidelines are only advisory, a trial court must still "determine the applicable guidelines range and take it into account when imposing a sentence." *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id*. at 392. "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v*

-1-

*Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). The principle of proportionality is one in which

> a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing. In making this assessment, the judge, of course, must take into account the nature of the offense and the background of the offender. [*Milbourn*, 435 Mich at 651.]

Under this principle, " 'the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Steanhouse*, 500 Mich at 472, quoting *Milbourn*, 435 Mich at 661.

The sentencing guidelines are an "aid to accomplish the purposes of proportionality[.]" *People v Dixon-Bey,* 321 Mich App 490, 524; 909 NW2d 458 (2017). The guidelines " 'provide[] objective factual guideposts that can assist sentencing courts in ensuring that the offenders with similar offense and offender characteristics receive substantially similar sentences.' " *Id.*, quoting *People v Smith*, 482 Mich 292, 309; 754 NW2d 284 (2008) (quotation marks and citations omitted). The Michigan Supreme Court has been clear that while the sentencing guidelines are now only advisory, they "remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *Lockridge*, 498 Mich at 391; *Steanhouse*, 500 Mich at 474-475. As this Court recently explained:

> Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a 'useful tool' or 'guideposts' for effectively combating disparity in sentencing. Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, *People v Houston*, 448 Mich 312, 321-322; 532 NW2d 508 (1995), and *Milbourn*, 435 Mich at 657; (2) factors not considered by the guidelines, see *Houston*, 448 Mich at 322-324, and *Milbourn*, 435 Mich at 660; and (3) factors considered by the guidelines but given inadequate weight, see *Houston*, 448 Mich at 324-325, and *Milbourn*, 435 Mich at 660 n 27. [*Dixon–Bey*, 321 Mich App at 524-525.]

Other factors to consider "include 'the defendant's misconduct while in custody, *Houston*, 448 Mich at 323, the defendant's expressions of remorse, *id.*, and the defendant's potential for rehabilitation, *id.*' " *Dixon–Bey*, 321 Mich App at 525 n 9, quoting *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015), rev'd in part on other grounds 500 Mich 453 (2017). The *Milbourn* Court indicated that mitigating and aggravating factors should both be considered in examining proportionality. *Milbourn*, 435 Mich at 660-661.

The trial court's remarks at sentencing indicate that the court considered the seriousness of the offense, including the unprovoked and brutal nature of the offense. The court also

highlighted the relationship between defendant and the victim, the lack of motive for the crime, and the fact that defendant had no prior felony convictions, but had eight prior misdemeanors. The court also found that defendant suffered from mental illness, that his psychotic episodes appeared to be intertwined with his history of substance abuse, that defendant posed a threat to society as long as he continued to abuse substances, and that incarceration would enable defendant to obtain the treatment he needed "to resurrect [himself] from this situation." The trial court also considered mitigating factors associated with defendant's personal background, including his military experience and his community and family support. The trial court further found that defendant had the capacity to be a good man when he was "clean and sober."

The trial court articulated adequate reasons for departing from the guidelines (something that defendant does not contest), and sufficiently justified the particular sentence imposed by explaining the extent of the departure from the guidelines range. *People v Steanhouse (On Remand)*, 322 Mich App 233, 242-243; ___ NW2d ___ (2017); *Dixon–Bey*, 321 Mich App at 525-526. This justification does not have to be elaborate, but should include " ' an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been[.]' " *Dixon-Bey*, 321 Mich App at 525, quoting *Smith*, 482 Mich at 311.

We can conclude that the trial court sufficiently explained why the sentence it imposed was more proportionate than a different sentence would have been. *People v Walden*, 319 Mich App 344, 352; 901 NW2d 142 (2017). In doing so, we are mindful that proportionality is not measured by the degree to which a departure sentence deviates from the guidelines, but rather by the seriousness of the offense. *Steanhouse*, 500 Mich at 474 ("Rather than impermissibly measuring proportionality by reference to deviations from the guidelines, our principle of proportionality requires 'sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' ") (citation omitted). Although the trial court could have provided greater explanation for this particular sentence, we cannot say the sentence was the result of an abuse of discretion.

During the sentencing hearing, the trial court made repeated references to the guidelines and different scoring issues, and recognized the recommended guidelines range. The court repeatedly referenced (1) the lack of motive to kill his friend, (2) defendant's substance abuse problems that in part led to the crime, (3) the way in which the crime was committed, (4) defendant's criminal history, (5) the need to protect society from defendant, particularly if he continued abusing substances, (6) the harm caused to the families of the victim, (7) the relationship between the victim and defendant, and (7) defendant's need for substance abuse reform. These are all factors properly considered by a trial court in reaching a sentence that is proportionate to the crime. *Walden*, 319 Mich App at 352-353. The court's statements during sentencing reflect a keen sense of the impact the crime had on the victim's family, as well as defendant's past (good and bad), and the substance abuse that was, in the trial court's opinion, clearly driving the criminal conduct at issue. After considering the guidelines and a multitude of other factors, the court came to a sentence that was proportionate to the seriousness of the crime and the offender.

Affirmed.

/s/ Christopher M. Murray
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra