*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

KESIA DIONNA MALONE,

      Defendant-Appellant.

UNPUBLISHED
January 17, 2019

No. 333852
Kent Circuit Court
LC No. 15-011206-FH

MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

SWARTZLE, J. (*dissenting*).

I respectfully dissent. As noted by the majority, defendant's minimum sentencing guidelines range was 10 to 34 months of imprisonment, and the trial court upwardly departed by sentencing defendant to 80 to 120 months of imprisonment. In support of the sentence, the trial court briefly noted the following: defendant was on probation for two retail fraud convictions as a fourth-felony offender; she had seven children who needed better parental guidance than defendant had provided to-date; defendant had a drinking problem; and defendant had a troubled upbringing. It is plausible that one or more of these facts could have justified an upward departure, especially given that the guidelines did not adequately account for the fact that defendant was on probation for two retail fraud convictions and that she had been on probation for only a short period of time before she committed the instant offense, as the majority aptly recognizes.

Where I depart from my colleagues, however, is with the absence of any explanation by the trial court justifying the *extent* of the departure—more than double the upper end of the guidelines range (34 months versus 80 months). When a trial court departs upward, we must evaluate not only whether reasons exist to support the departure, but also whether the extent of the departure satisfies the principle of proportionality. As the Michigan Supreme Court explained in *People v Milbourn*, 435 Mich 630, 660; 461 NW2d 1 (1990), "[e]ven where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality."

The prosecutor and majority identify a number of additional facts associated with defendant's criminal history that *they believe* justify such a significant upward departure. If there was anything in the record to suggest that the trial court actually relied upon these additional criminal-history facts, then I might have concurred with my colleagues in affirming the sentence. But, the record is devoid of such assurance and we are left to guess whether the trial court did, in fact, have these considerations in mind when sentencing defendant. Our case law requires more for adequate appellate review of a departure sentence of this magnitude. *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008); *People v Steanhouse (On Remand)*, 322 Mich App 233, 243; 911 NW2d 253 (2017).

For these reasons, I would vacate defendant's sentence and remand for resentencing.


/s/ Brock A. Swartzle