*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KESIA DIONNA MALONE,

Defendant-Appellant.

UNPUBLISHED
January 17, 2019

No. 333852
Kent Circuit Court
LC No. 15-011206-FH

Before: MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant, Kesia Malone, pleaded guilty to one count of first-degree retail fraud, MCL 750.356c. The trial court sentenced her to 80 to 120 months' imprisonment as a third-offense habitual offender, MCL 769.11. This Court denied her delayed application for leave to appeal,[1] but our Supreme Court remanded the case to this Court "for consideration, as on leave granted, of whether the defendant's sentence is reasonable under the standard set forth in [*People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017)]."[2] For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

On November 27, 2015, Malone stole $1,476.32 of liquor from a store in Walker, Michigan. She was arrested at the same store one day later when, along with a 16 year old coconspirator and a third woman, she attempted to steal a similar quantity of liquor. At the time of the instant offense, Malone was on probation in Muskegon County for two separate counts of first-degree retail fraud. The record reflects that she was initially jailed for the Muskegon

---

[1] *People v Malone*, unpublished order of the Court of Appeals, entered August 23, 2016 (Docket No. 333852).

[2] *People v Malone*, 501 Mich 922 (2017).

County offenses and had been released on probation approximately two months earlier in October 2015.

Malone's sentencing guidelines range was 10 to 34 months. However, after reflecting upon the circumstances surrounding the offense and the offender, the trial court imposed a sentence of 80 to 120 months.

## II. REASONABLENESS OF SENTENCE

### A. STANDARD OF REVIEW

Malone argues that she is entitled to resentencing because her sentence is unreasonable and not proportionate to her offense. "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392: 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). "In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may . . . take the degree of variance into account and consider the extent of a deviation from the Guidelines." *Id*. at 474 (quotation marks and citation omitted). However, our Supreme Court rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." *Id*. An abuse of discretion occurs when a trial court violates the principle of proportionality or fails to "provide adequate reasons for the extent of the departure sentence imposed . . . ." *Id*. at 476.

### B. ANALYSIS

A sentence within the guidelines range is presumptively proportionate, *People v Steanhouse (On Remand)*, 322 Mich App 233, 238; 911 NW2d 253 (2017), but a sentence outside the guidelines range is not presumptively disproportionate, see *People v Dixon-Bey*, 321 Mich App 490, 521-522; 909 NW2d 458 (2017). Instead, "relevant factors for determining whether a departure is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight. *Id*. at 525 (citations omitted).

Malone argues that the sentencing guidelines appropriately take into account her past criminal behavior. When evaluating the reasonableness of a sentence, "we must determine whether the trial court abused its discretion by imposing a departure sentence without articulating whether the guidelines adequately took into account the conduct alleged to support the particular departure imposed." *Steanhouse (On Remand)*, 322 Mich App at 240. Here, the trial court based its departure decision on the fact that Malone was on probation for two separate first-degree retail fraud convictions in another county when she stole over $1,000 in liquor from a store in Walker, Michigan. Under prior record variable (PRV) 6, an offender must be assessed 10 points if the offender is on probation at the time he or she committed the sentencing offense. MCL 777.56(1)(c). The guidelines, however, do not consider the fact that Malone was on probation for *two* separate offenses, nor do they consider that in both cases she was on probation for the same offense, i.e., first-degree retail fraud. In addition, the guidelines fail to account for

the short period of time that Malone was on probation before she committed the retail fraud at issue in this case. Indeed, the record reflects that within two months of being released from jail and placed on probation, Malone stole over a $1,000 worth of liquor from a store and then, the following day, she attempted to do so again before being apprehended by law enforcement. Thus, although the guidelines take Malone's probationary status into consideration, MCL 777.56(1)(c), in this case they did not adequately consider the relevant circumstances.

Furthermore, as pointed out by the prosecution, Malone's criminal history was inadequately addressed by the guidelines for a number of additional reasons. First, Malone's two juvenile adjudications were considered under MCL 777.54, which addresses prior low severity juvenile adjudications. Malone was assessed 5 points, which reflects that she "has 2 prior low severity juvenile adjudications," MCL 777.54(1)(d), but the PRV does not consider that one of the adjudications was for retail fraud. Second, Malone received 30 points for PRV 2, which addresses prior low severity felonies, MCL 777.52. A score of 30 points for PRV reflects that "[t]he offender has 4 or more prior low severity felony convictions," MCL 777.52(1)(a). Here, Malone had six low severity felony convictions, including four for retail fraud. Thus, although the number of prior low severity felonies was accounted for in the guidelines, the fact that over half of the felonies were for the same offense as the instant offense was not given additional weight by the guidelines. Third, Malone's prior misdemeanor convictions resulted in 20 points being assessed under PRV 5, which address prior misdemeanor convictions. MCL 777.55(a). In order to be scored 20 points, an offender must have "7 or more prior misdemeanor convictions or prior misdemeanor juvenile adjudications." MCL 777.55(1)(a). In this case, Malone's presentence investigative report indicates that she actually has 9 prior misdemeanor convictions, 6 of which are for retail fraud committed within the past 8 years. Again, the guidelines do not account for the actual number of misdemeanor convictions nor do they give added weight based on the fact that the offense Malone was being sentenced for was a more severe version of the majority of the misdemeanors. Overall, the circumstances surrounding the offense in this case include a long history of retail fraud, an offender recently placed on probation for retail fraud, and an offender who stole alcohol, ostensibly to support her alcohol addiction.

In sum, given Malone's criminal history, the trial court adequately explained why a minimum sentence of 80 to 120 months was more proportionate than a different sentence within the guidelines would have been. In other words, the court had a basis to conclude that Malone was a "recidivist . . . criminal" who deserved a "greater . . . punishment" than that contemplated by the guidelines. See *People v Smith*, 482 Mich 292, 305; 754 NW2d 284 (2008).[3]

---

[3] Malone also asserts that she suffers from attention deficit disorder, bi-polar disorder, and alcoholism. She notes that she told the probation agent that she wanted to treat her illness in a positive, therapeutic way. Malone does not explain how this information renders the trial court's sentence unreasonable. Nevertheless, the trial court expressed that even if Malone relapsed and drank alcohol, she was still responsible for her choices. Thus, the court did not consider Malone's alcoholism as a mitigating factor and, as the court was not required to do so, we discern no error on that basis.

Affirmed.

/s/ Jane E. Markey
/s/ Michael J. Kelly