*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRISTOPHER SCOTT WOODWORTH,

        Defendant-Appellant.

UNPUBLISHED
February 19, 2019

No. 335275
Gladwin Circuit Court
LC No. 16-008375-FH

Before: M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Defendant, Christopher Woodworth, pleaded no contest to assault with intent to do great bodily harm less than murder, MCL 750.84. The trial court departed from the sentencing guidelines range of 10 to 23 months, sentencing Woodworth to a prison term of four to 10 years. Woodworth filed a delayed application for leave to appeal, which this Court denied;[1] however, the Michigan Supreme Court subsequently remanded the case to this Court "for consideration, as on leave granted, of whether the defendant's sentence is reasonable under the standard set forth in [*People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017)]."[2] Because the trial court failed to provide an adequate explanation for the extent of the particular departure, we vacate Woodworth's sentence and remand for resentencing.

## I. BASIC FACTS

On December 24, 2015, Woodworth and his domestic partner, Victoria Williams, put their three children to bed before they "started drinking and became very intoxicated." Over the course of the evening, Woodworth ripped out a handful of Williams's hair, threw a juice box in

---

[1] *People v Woodworth*, unpublished order of the Court of Appeals, entered November 22, 2016 (Docket No. 335275).

[2] *People v Woodworth*, 501 Mich 980 (2018).

her face, knocked her to the floor, and slammed her head against the concrete floor. As a result of the assault, Williams suffered skull fractures.

In exchange for Woodworth's no-contest plea, the prosecutor dismissed a charge of felonious assault, MCL 750.82, and a third-offense habitual offender notice. At sentencing, the trial court explained its reasoning for departing upward from the recommended guidelines range:

> Court has reviewed through [sic] the presentence investigation report. It does provide for sentencing guidelines of ten to 23 months. This is not the first violence charge in Mr. Woodworth's past. In order to punish you for what you have done, to attempts [sic] to rehabilitate you, to deter others from committing similar acts, the protection of the community, it'd be the sentence of this Court that you be sentencing to the Michigan Department of Corrections for a period of four years, to ten years, with credit for 111 days served.

## II. SENTENCING

## A. STANDARD OF REVIEW

Woodworth argues that his departure sentence is not reasonable. "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *Steanhouse*, 500 Mich at 471.

## B. ANALYSIS

When reviewing a departure sentence for reasonableness, this Court utilizes the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). *Steanhouse*, 500 Mich at 471. "[T]he principle of proportionality . . . requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636. "[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Id*. at 661. Factors that may be considered under the principle of proportionality standard include, but are not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Lawhorn*, 320 Mich App 194, 207; 907 NW2d 832 (2017) (quotation marks and citation omitted).]

An appellate court must evaluate whether reasons exist to depart from the sentencing guidelines and whether the extent of the departure can satisfy the principle of proportionality. See *Milbourn*, 435 Mich at 660 (recognizing that "[e]ven where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a

violation of the principle of proportionality"). Therefore, even in cases in which reasons exist to exceed the recommended sentencing range, the sentencing court must provide "an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been . . . ." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citation omitted).

In this case, the trial court noted only that the offense was not Woodworth's "first violence charge," and then generally stated the goals of rehabilitation, deterrence, and protection of the community. It is unclear, under these circumstances, why the trial court imposed this particular sentence. "A sentence cannot be upheld when the connection between the reasons given for departure and the extent of the departure is unclear." *People v Smith*, 482 Mich 292, 304; 754 NW2d 285 (2008); see also *People v Steanhouse (On Remand)*, 322 Mich App 233, 242-243; 911 NW2d 253 (2017). This Court is limited to reviewing the trial court's decision and must "avoid supplementing or otherwise justifying the trial court's otherwise insufficient reasoning with reasoning of its own." *Dixon-Bey*, 321 Mich App at 531 n 11; see also *Smith*, 482 Mich at 304. Accordingly, on this record we cannot uphold the sentence imposed.

We vacate Woodworth's sentence and remand to the trial court for resentencing. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra