*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SAMUEL RALPH THIEME,

Defendant-Appellant.

UNPUBLISHED
September 24, 2019

No. 346003
Cass Circuit Court
LC No. 18-010059-FC

Before: SWARTZLE, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Samuel Thieme, pleaded guilty to first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a). The trial court sentenced him to 30 to 60 years in prison for the conviction. It is undisputed that the sentence imposed exceeds the mandatory minimum sentence of 25 years' imprisonment under MCL 750.520b(2)(b). Thieme appeals by delayed leave granted.[1] For the reasons stated in this opinion, we vacate Thieme's sentence and remand for resentencing.

## I. BASIC FACTS

Thieme sexually abused two young relatives, KT and AT, over a period of several years. KT stated that Thieme touched her inappropriately and had sexually abused her from when she was approximately 13 years old until she was almost 16 years old. AT explained that she had been sexually abused by Thieme since she was five years old. Thieme admitted touching KT inappropriately and putting his fingers in her vagina. He also admitted that he made AT perform oral sex on him approximately 30 times and stated that he had been sexually abusing her since she was in diapers.

---

[1] *People v Thieme*, unpublished order of the Court of Appeals, entered December 13, 2018 (Docket No. 346003).

## II. REASONABLENESS OF SENTENCE

### A. STANDARD OF REVIEW

Thieme argues that the trial court did not articulate any reasons for imposing a departure sentence. "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[A] sentence is reasonable under *Lockridge* if it adheres to the principle of proportionality set forth in [*People v*] *Milbourn*[, 435 Mich 630; 461 NW2d 1 (1990)]." *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). *Milbourn*'s principle of proportionality "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 352 (quotation marks and citation omitted). "[A] departure sentence may be imposed when the trial court determines that the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *People v Steanhouse (On Remand)*, 322 Mich App 233, 238; 911 NW2d 253 (2017) (quotation marks and citation omitted).

The sentencing guidelines are "a useful tool in carrying out the legislative scheme of properly grading the seriousness and harmfulness of a given crime and given offender within the legislatively authorized range of punishments." *Milbourn*, 435 Mich at 657-658. Therefore, a trial court must consult the guidelines and take them into account when sentencing a defendant. *People v Dixon-Bey*, 321 Mich App 490, 524; 909 NW2d 458 (2017). This Court has stated that factors that may be considered by a trial court in determining whether a departure sentence is proportionate include, but are not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Walden*, 319 Mich App at 352-353 (quotation marks and citation omitted).]

Here, the trial court considered several factors when fashioning Thieme's sentence. First, the court noted that the abuse "started when [AT] was in diapers." Thieme acknowledged that he had been sexually abusing AT since "she has been in diapers" and that he "rubbed his penis on her vagina after he had taken her diapers off." Accordingly, even though 10 points were assessed for offense variable (OV) 10, MCL 777.40, which takes into account the vulnerability of a victim, the sentencing guidelines do not adequately account for the vulnerability and defenselessness of such a young child. The court's consideration of this fact was proper.

Second, the court also took into account that Thieme had repeatedly abused two children over a lengthy period of time. The trial court scored 50 points for OV 13, which addresses a "continuing pattern of criminal behavior." MCL 777.43(1). A score of 50 points for OV 13 is appropriate when "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age." MCL 777.43(1)(a). A preponderance of the evidence supports the conclusion that Thieme had sexually abused AT and KT more than just the three times accounted for in OV 13. KT reported

that Thieme sexually assaulted her from the ages of 13 through 16. AT stated that she had been sexually assaulted by Thieme since she was 5 years old. Accordingly, it is plain that OV 13 did not adequately account for the duration and extent of the assaultive behavior against the children. The court's consideration of this fact was, therefore, appropriate.

Finally, the trial court also considered that Thieme's acts "caused great depression in the victims, it's caused cutting incidents, [and] suicide attempts of the victims." KT's impact statement states that "[m]y sister and I got major depression from this. My sister tries to kill herself and she cuts herself. I feel as if they (my family) is drifting apart from this." Even though Thieme was assessed 10 points for OV 4, MCL 777.34, which takes into account that serious psychological injury requiring professional treatment occurred to a victim, the psychological damage here was so severe that AT cut herself and contemplated suicide. OV 4's scoring does not proportionately reflect this level of psychological impact. Moreover, a maximum score of 10 points is provided for a psychological injury inflicted upon "a victim," and here there are two victims that have suffered psychologically at the hands of Thieme. Thus, on this record, the court properly considered this fact when fashioning Thieme's sentence.

Yet, despite the trial court's articulation of appropriate facts to justify a sentence departure, the trial court failed to articulate why those factors warranted the extent of the departure imposed. "[A] trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 524-525 (quotation marks and citations omitted). "A sentence cannot be upheld when the connection between the reasons given for departure and the extent of the departure is unclear." *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008). In this case, the trial court failed to articulate the extent of its departure from the mandatory minimum sentence. The trial court is not required to use any precise words to justify a particular departure. *Id*. at 296. However, the trial court in this case did not offer any rationale to explain the extent of the five-year departure.

Accordingly, we vacate Thieme's sentence and remand to the trial court for resentencing. See *id*. at 319 (vacating the defendant's sentence and remanding to the trial court "for resentencing and for an explanation of the extent of any departure made on remand."). On remand, the court shall amend the judgment of sentence to reflect that Thieme pleaded guilty to CSC-I involving a victim under 13 years of age and a perpetrator 17 years of age or older. MCR 6.435(A). We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly