*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TRAVIS DUANE PARKINS,

Defendant-Appellant.

UNPUBLISHED
January 7, 2020

No.  345687
Macomb Circuit Court
LC No.  2017-002185-FC

Before:  CAMERON, P.J., and CAVANAGH and SHAPIRO, JJ.

SHAPIRO, J. (*concurring in part and dissenting in part*).

I concur with my colleagues in all respects except their decision to affirm defendant's sentence.  I conclude that the trial court did not adequately justify its decision to substantially depart from the sentencing guidelines and impose a life sentence.  Accordingly, I would vacate defendant's sentence and remand for further proceedings.

Defendant pleaded guilty to first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(c) (sexual penetration under circumstances involving the commission of another felony).  His conviction arises from his sexual assault of a 14-year-old female, CB.  Defendant and CB met on an Internet website.  They started communicating via Skype.  CB's Internet profile listed her age as 14 years.  Defendant asked CB to confirm that age and she did.  Defendant was 29 years old but represented that he was 19 years old.  They had conversations about sex and CB sent defendant a picture of her bare breast.

They made plans for defendant to pick CB up from her home in Macomb County and return her three days later.  Defendant and his roommate, Peter Lindhout, traveled from Ionia County to Macomb County for that purpose.  They drove CB back to their apartment where over the course of the day defendant sexually penetrated CB five times.  Defendant encouraged codefendant Lindhout to take a "turn," and he also engaged in sexual penetration of CB.  The

-1-

next day, police recovered CB from the apartment. Defendant pleaded guilty to one count of CSC-I pursuant to a plea agreement whereby the remaining charges were dismissed.[1]

Defendant's minimum sentence guidelines range was calculated at 51 to 85 months, which the trial court found "totally inappropriate." The trial court gave the following explanation for imposing a life sentence:

> With respect, Mr. Parkins, Mr. Parkins, you're a predator. You went online, you knew she was under age, you took advantage of this child repeatedly. The Court has no sympathy for you.

> And the maximum period of incarceration the Court can impose for this offense is life or any terms of years. Life appears to be the appropriate sentence. You can't take a child out of the home, molest that child and expect nothing to happen.

We review sentences that depart from the advisory guidelines range for reasonableness. See *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A sentence is reasonable if it adheres to the principle of proportionality, which "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Walden*, 319 Mich App 344, 351-352; 901 NW2d 142 (2017) (quotation marks and citation omitted). Courts may consider various factors under the proportionality standard, including:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Id*. at 352-353 (quotation marks and citation omitted).]

Although advisory, the sentencing guidelines "remain a highly relevant consideration in a trial court's exercise of sentencing discretion. *Lockridge*, 498 Mich at 392. The trial court must articulate reasons supporting its decision to impose a sentence outside the guidelines range. *People v Steanhouse (On Remand)*, 322 Mich App 233, 239; 911 NW2d 253 (2017), vacated on other grounds 933 NW2d 276 (2019). If the trial court abuses its discretion "by failing to provide adequate reasons for the extent of the departure sentence imposed," we must remand for resentencing. See *Steanhouse*, 500 Mich at 476.

---

[1] Codefendant Lindhout pleaded guilty to third-degree criminal sexual conduct, MCL 750.520d. The trial court sentenced him to 5 to 30 years in prison.

In reviewing departure sentences, the first inquiry is "whether the case involves circumstances that are not adequately embodied within the variables used to score the guidelines." *People v Milbourn*, 435 Mich 630, 659-660; 461 NW2d 1 (1990). In this case, many of the reasons that the trial court gave in support of the imposed sentence were accounted for by the sentencing guidelines. The court concluded that defendant was a predator, but he was assessed 15 points under offense variable (OV) 10 for engaging in "[p]redatory conduct." MCL 777.40(1)(a). The court found that defendant repeatedly took advantage of CB, but that was accounted for by OV 13, which was scored at 25 points on the ground "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). Similarly, the fact that defendant took CB from her home was addressed by OV 8, which was scored at 15 points for asporting the victim to a place of greater danger, MCL 77.34(1)(a). Defendant was also assessed 10 points under OV 4 for causing serious psychological injury to CB, MCL 777.34(1)(a), and 10 points under OV 12 for committing contemporaneous felonious criminal acts, see MCL 777.42(1). The trial court did not explain why and to what extent the OVs did not adequately account for defendant's crime.

That said, I cannot say that the trial court abused its discretion in determining that a minimum sentence of 51 to 85 months did not reflect the seriousness of the crime. Defendant did not commit an isolated act against the underage victim; he took her across the state, repeatedly engaged in sexual penetration and likely would have continued to do so had the police not intervened. Although he expressed remorse at sentencing hearing, his actions \ before that point show a total disregard for CB's wellbeing.

Nevertheless, "[e]ven where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality." *Milbourn*, 435 Mich at 660. The high end of defendant's guidelines range was 6.75 years, so the imposition of a life sentence was much more than what is commonly referred to as a "substantial departure." Yet the trial court provided no justification for imposing the maximum allowable sentence and seemed to suggest that any sentence less than life imprisonment would be the equivalent of allowing "nothing to happen" to defendant. The trial court also failed to address defendant's lack of criminal history. Defendant had no prior felonies and one misdemeanor for a driving offense. Indeed, that was the reason his recommended minimum sentence range was relatively low. In enacting the sentencing guidelines, the Legislature determined as a general matter that defendants with a criminal history should receive "harsher sentences" than "first-time offenders." *Milbourn*, 435 Mich at 635. This is not to say that a first-time offender should invariably receive a lenient sentence, but it is a factor that must be considered when imposing sentence.

In sum, the trial court did not adequately justify its decision to impose a life sentence. The court failed to consider whether the guidelines accounted, at least in part, for the circumstances of defendant's crime and failed to consider defendant's lack of significant criminal history. I would remand so that the trial court resentence defendant or further articulate why a life sentence is proportional to the offender and the offense in this case.

/s/ Douglas B. Shapiro