*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 16, 2022

Plaintiff-Appellee,

v

No. 355105
Barry Circuit Court
LC No. 2019-000852-FC

DAVID GENE KREBS II,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

Defendant, David Gene Krebs II, appeals as of right following his jury trial convictions of assault with the intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, and assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant, as a second-offense habitual offender under MCL 769.10, to concurrent terms of 100 to 180 months' imprisonment and 24 to 36 months' imprisonment, respectively. On appeal, defendant argues that he is entitled to be resentenced because the trial court inappropriately considered his refusal to admit guilt and his continued assertion that he acted in self-defense. Defendant also argues that the trial court did not articulate a reason for an upward departure that, defendant argues, was disproportionate and unreasonable. We disagree and affirm.

## I. FACTUAL BACKGROUND

This case arose after defendant violently attacked Anthony Collins while they were riding in a car. Collins was sitting in the front passenger seat, while defendant sat directly behind him. Defendant and Collins had been using and selling drugs. At some point, defendant began to believe that Collins was a police officer, and he became agitated. Using a knife, defendant cut Collins's throat and stabbed him multiple times. After the driver realized what was happening and stopped the car, defendant ran into the woods. After law enforcement located him, defendant refused to leave the woods or comply with lawful commands. After a trial, a jury found defendant guilty of AWIGBH and of assaulting, resisting, or obstructing a police officer.

At sentencing, following arguments regarding the scoring of several prior-record variables and offense variables, defendant's minimum sentencing guidelines range was calculated to be 34

to 83 months' imprisonment for his AWIGBH conviction. Imposing sentence, the trial court stated as follows:

> The Court is required to enter a sentence that is proportionate to the offense and the offender. And the guidelines are no longer mandatory. The guidelines in this case are . . . 34 months to 83 months for minimum.
>
> So what we have here, is an individual who, although he said very quickly on the record today, "oh, I'm sorry," he has not demonstrated genuine remorse. No genuine remorse. Just saying "I'm sorry" is not remorse.
>
> It's convenient, when you're facing the judge who's going to determine what your future is, to just say, oh I'm sorry. And I'm sorry to these people, and I'm sorry for that.
>
> But, sorry isn't remorse. Sorry is often, I'm sorry I got caught, I'm sorry I'm standing here, I'm sorry I'm facing sentence. But that's not remorse. And it's clear that [defendant] is not demonstrating remorse. And that is a factor that the Court may take into consideration as not being considered by the guidelines.
>
> The defendant's potential for rehabilitation. Again, [defendant] had the opportunity to learn all the tools he needed to keep himself drug free. But when he had the opportunity, he threw those rules out the window. He threw all those tools away. And for nine months, was a daily meth user.
>
> Another factor that I believe is not accurately, or, adequately considered by the guidelines, is the factor that, that [the prosecution] was trying to argue, but I don't think that that particular offense variable applies.
>
> \* \* \*
>
> That is, that the victim was attacked from behind with virtually no warning. No warning at all. He, the testimony was, there was nothing. There was no argument, there was nothing, to have put Mr. Collins or anyone else in that car, on notice, that an attack was about to happen.
>
> So no warning. He was attacked from behind. He couldn't see it coming. He couldn't prepare himself. He couldn't avoid it, he was in a car, strapped in by his seat belt. Those are factors that are not considered under the guidelines, adequately considered, under the guidelines.
>
> The quick and violent nature of this attack is not adequately considered under the guidelines. There is, there's a factor for having stabbed Mr. Collins, but we're talking about an attack that began with slitting his throat, and then progressed on, to multiple stab wounds.
>
> \* \* \*

[Defendant], as he currently is, is a danger to the community. Do I think he must always remain a danger to the community? I'd like to think that everybody has the ability to make changes in their life.

But, I don't see that the community, at this point in time, is, at the interest of justice, that for community safety, [defendant], being removed from society by being placed in prison, is what is required, to address [defendant's] current danger to the community.

So as I've said, I don't believe that the guidelines take into account those certain things. And therefore, I am going to depart from the guidelines, the sentencing range, of a high of 83 months.

* * *

So I think that the guidelines do not adequately reflect the nature of the crime. And so I am going to sentence Mr.—the [prosecutor is] asking me for 120 to 180 months. I am not going to sentence [defendant] to the maximum, but I am going to sentence him to 100 months, to 180 months in prison. As—as to count one, which is the lesser included offense.

As to count two, 24 to 36 months, which is the maximum, there is credit for each of those offenses, for 390 days previously served.

Defendant now appeals his sentence.

## II. REFUSAL TO ADMIT GUILT

Defendant first argues that it was improper for the trial court to rely on its finding that he was not remorseful when, defendant argues, this finding was based on defendant's refusal to admit guilt and his continued assertion, noted in the presentence report, that he acted in self-defense. Defendant argues that the trial court's finding violated his Fifth Amendment right against self-incrimination, US Const, Am V, which extends to the sentencing phase. Specifically, defendant cites *People v Wesley*, 428 Mich 708, 711; 411 NW2d 159 (1987), for the proposition that a "sentencing court cannot in whole, or in part, base its sentence on a defendant's refusal to admit guilt[.]"

As defendant articulates, "[a] court cannot base its sentence even in part on a defendant's refusal to admit guilt." *People v Conley*, 270 Mich App 301, 314; 715 NW2d 377 (2006) (quotation marks and citation omitted). This Court looks to three factors to determine whether a sentencing court improperly considered a defendant's refusal to admit guilt: "(1) the defendant's maintenance of innocence after conviction; (2) the judge's attempt to get the defendant to admit guilt; and (3) the appearance that had the defendant affirmatively admitted guilt, his sentence would not have been so severe." *People v Payne*, 285 Mich App 181, 194; 774 NW2d 714 (2009) (quotation marks and citation omitted).

Applying these factors to the record before us, we conclude that defendant has not demonstrated that the trial court erred. As to the first factor, we acknowledge that defendant asserts

that he acted in self-defense (however reasonable that assertion is) and that he has never admitted guilt.

Regarding the second factor, nothing in the record substantiates that the trial court attempted to make defendant admit guilt. The trial court merely stated that defendant's apology lacked remorse, and that this was exemplified by him maintaining that he acted in self-defense. In other words, defendant conflates the trial court's determination that he did not demonstrate remorse with the proposition that it could not consider defendant's admission, or lack thereof, of guilt.

Lastly, the record contains no indication that defendant would have received a lesser sentence if he had expressly admitted guilt. Indeed, the record demonstrates that, even though the trial court considered defendant's apology to be shallow and did not view kindly defendant's self-defense argument, the trial court did not factor a lack of admission into the imposed sentence. The record demonstrates that the trial court was concerned with other factors: defendant's ability to be rehabilitated; defendant's danger to society given the nature of his assault; and defendant's lack of remorse. As this Court stated in *People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019), a trial court may take into consideration "the defendant's expressions of remorse" as well as "the defendant's potential for rehabilitation" when making sentencing determinations. Accordingly, defendant is not entitled to relief on this ground.

## III. UPWARD DEPARTURE

Next, defendant contends that the sentence he received, 100 to 180 months, for his AWIBGH conviction was unreasonable and disproportionate. Specifically, defendant argues that the trial court's justification for the upward-departure sentence was unreasonable because it improperly relied on (1) defendant's supposed lack of remorse, (2) defendant's relapse into his drug addiction, and (3) the sudden and violent nature of the attack. Furthermore, defendant argues that the trial court did not articulate why an upward-departure sentence was more proportionate than the sentence provided by the minimum sentencing guidelines range.

The sentencing guidelines are advisory. *People v Lockridge*, 498 Mich 358, 365, 392; 870 NW2d 502 (2015). Nevertheless, trial courts still must properly score the sentencing guidelines and must take them into account when determining an appropriate sentence. See *id.* at 392. When we review the appropriateness of an upward-departure sentence, we must determine "whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *People v Steanhouse*, 500 Mich 453, 475; 902 NW2d 327 (2017) (quotation marks and citation omitted). If the trial court chooses to deviate from the sentencing guidelines, it must justify the deviation on the record by explaining "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citation omitted). A trial court may consider the following factors when departing from the applicable guidelines range:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct

while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Lampe*, 327 Mich App at 126 (quotation marks and citation omitted).]

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392. "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *Steanhouse*, 500 Mich at 471. This "requires review of whether the trial court abused its discretion by violating the principle of proportionality," *id.* at 477, by looking to the "seriousness of the circumstances surrounding the offense and the offender." *Id.* at 474 (quotation marks and citation omitted). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes," *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012), or "impose[es] a departure sentence without articulating whether the guidelines adequately took into account the conduct alleged to support the particular departure imposed." *People v Steanhouse (On Remand)*, 322 Mich App 233, 240; 911 NW2d 253 (2017).

As discussed, a trial court is permitted to take into consideration "the defendant's expressions of remorse." *Lampe*, 327 Mich App at 126. Accordingly, defendant's argument that it was inappropriate for the trial court to base the upward sentence departure on its perception that defendant was not remorseful lacks merit.

Defendant's argument that the trial court improperly took into account his relapse with drug addiction also lacks merit. The trial court connected defendant's relapse with his ability to be rehabilitated. Specifically:

> The defendant's potential for rehabilitation. Again, [defendant] had the opportunity to learn all the tools he needed to keep himself drug free. But when he had the opportunity, he threw those rules out the window. He threw all those tools away. And for nine months, was a daily meth user.
>
> Another factor that I believe is not accurately, or, adequately considered by the guidelines, is the factor that, that [the prosecution] was trying to argue, but I don't think that that particular offense variable applies.

As the *Lampe* Court discussed, a trial court is permitted to take into consideration "the defendant's potential for rehabilitation." *Lampe*, 327 Mich App at 126. Defendant fails to demonstrate that the trial court abused its discretion when it found that defendant had not yet demonstrated that he was capable of being rehabilitated for the other offenses for which he had previously been convicted.

Defendant's third argument, that the trial court improperly considered that the assault was sudden and violent because a "sudden and violent attack is not outside the norm of the offense of [AWIGBH], meaning it is not aggravating," lacks merit as well. Defendant does not support his argument beyond mere conjecture.

Finally, with these conclusions in mind, we reject defendant's argument that the sentence the trial court imposed was disproportionate and unreasonable. Again, we must determine whether the sentence is proportionate to the seriousness of the matter, and we must review whether the trial

court explained why the sentence imposed is more proportionate to the offense and the offender than another sentence would have been. See *Steanhouse*, 500 Mich at 475; *Dixon-Bey*, 321 Mich App at 525. The trial court stated that the minimum sentencing guidelines range did not account for the seriousness of the offense because defendant slit Collins's throat from behind and repeatedly stabbed him, all the while Collins did not have a way to defend himself because of the actors' positioning in the car. Additionally, the trial court stated that the minimum sentencing guidelines range did not properly account for defendant's lack of remorse and ability to rehabilitate himself after his prior convictions.

Accordingly, the record demonstrates that the trial court properly justified its upward-departure sentence on the seriousness of the circumstances of the offense and defendant. See *Dixon-Bey*, 321 Mich App at 525.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Michael J. Kelly
/s/ Christopher P. Yates