*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ARCHIE NOAH PROFFITT,

      Defendant-Appellant.

UNPUBLISHED
February 16, 2023

No. 361027
Jackson Circuit Court
LC No. 20-003205-FH

Before: GLEICHER, C.J., and BOONSTRA and CAMERON, JJ.

GLEICHER, C.J. (*dissenting*)

Defendant Archie Noah Proffitt pleaded guilty to one count of possession of less than 25 grams of fentanyl, MCL 333.7403(2)(a)(*v*). His minimum guideline sentencing range was scored at 0 to 11 months' incarceration. The trial court more than doubled the top of this range, imposing a minimum sentence of two years' imprisonment. I agree that the trial court identified at least one ground for an upward departure. But because the trial court entirely neglected to justify the extent of the departure sentence it imposed, I respectfully disagree with my colleagues' conclusion that the sentence imposed was proportionate under *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

When assessing the proportionality of a departure sentence, the advisory sentencing guidelines provide the " 'best "barometer" of where on the continuum from the least to the most threatening circumstances a given case falls.' " *People v Dixon-Bey*, 321 Mich App 490, 530; 909 NW2d 458 (2017), quoting *Milbourn*, 435 Mich at 656. A sentencing court may depart from the guidelines, however, when it determines that "the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *Milbourn*, 435 Mich at 657, For example, a trial court may depart from the guidelines when the guidelines "do not adequately account for important factors legitimately considered at sentencing." *Id.*

In addition to identifying *reasons* for departing from a guidelines sentence, a court must also justify the *extent* of the departure. The court must explain "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citation omitted). In so determining, the

sentencing court "must explain how the extent of the departure is proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse (On Remand)*, 322 Mich App 233, 239; 911 NW2d 253 (2017) *(Steanhouse III)*, vacated in part 504 Mich 969 (2019).[1] See also *Milbourn*, 435 Mich at 659-660 ("Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality.").

Here, the sentencing court made no effort to explain why a minimum sentence more than double the upper guidelines limit was more proportionate than a sentence exceeding the guidelines by a different amount would have been. Proffitt's prior record variable (PRV) score was 30 and his offense variable (OV) score was zero, placing placing him in the D-1 section of the applicable grid. Even were his PRV level increased by 20 points to reflect the maximum score under PRV 6, which considers an offender's relationship with the criminal justice system and accounts for criminal conduct on probation or while awaiting sentencing,[2] the top of the sentencing range would be 17 months. The court's reasons for departure did not shed light on why a 24-month sentence was more proportionate than a 17-month sentence, or any other sentence rooted in the proportionality principles reflected in the guidelines. I would remand for that articulation.

/s/ Elizabeth L. Gleicher

---

[1] In *Steanhouse III*, this Court found that only one of the trial court's reasons for departing from the sentencing guidelines was valid and that the trial court had not adequately explained the extent of its departure. *People v Steanhouse*, 322 Mich App 233, 242-243; 911 NW2d 253 (2017). On appeal from this Court's opinion in *Steanhouse III*, the Supreme Court did not take issue with this Court's proposition that a sentencing court must explain the extent of its departure. Our Supreme Court vacated only that part of our opinion that remanded for resentencing. It found that, "[r]ather than remanding only for resentencing, the Court of Appeals should have remanded for the trial court to either resentence or to further articulate its reasons for departure." *People v Steanhouse*, 504 Mich 969; 933 NW2d 276 (2019) *(Steanhouse IV)*.

[2] The highest score under PRV 6 is 20 points.